1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LeRoy Williams

11          Plaintiff,                          No. CIV S 05-0838 DFL CMK P

12          vs.

13   Arnold Schwarzenegger, et al.,

14          Defendants.                         ORDER

15   _____/

16          Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action

17   pursuant to 42 U.S.C. § 1983.  This proceeding was referred to the court by Local Rule 72-302

18   pursuant to 28 U.S.C. § 636(b)(1). Currently before the court are plaintiff's request to proceed in

19   forma pauperis pursuant to 28 U.S.C. § 1915 (doc. 4.) and plaintiff's complaint.  (Doc. 1.)

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  See

23   28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $2.34 will be assessed by this

24   order. See 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate

25   agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the

26   Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty

                                                1

1   percent of the preceding month's income credited to plaintiff's prison trust account.  These

2   payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

3   amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C.

4   § 1915(b)(2).

5           The court is required to screen complaints brought by prisoners seeking relief

6   against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C.

7   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

9   be granted, or that seek monetary relief from a defendant who is immune from such relief.

10   See28 U.S.C. § 1915A(b)(1),(2).

11           A claim is legally frivolous when it lacks an arguable basis either in law or in

12   fact. See  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221,

13   1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based

14   on an indisputably meritless legal theory or where the factual contentions are clearly baseless.

15   See Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

16   inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

17   639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

18           A complaint, or portion thereof, should only be dismissed for failure to state a

19   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

20   of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King &

21   Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

22   v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

23   complaint under this standard, the court must accept as true the allegations of the complaint in

24   question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

25   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

26   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**I.      Background**

Plaintiff names Arnold Schwarzenegger, Jeanne S. Woodford, Marcus J. Cole, M.D., doctors 1-7 and Evelyn Horowitz as defendants.  Plaintiff claims that he started experiencing dizziness in early 1995, while he was housed at Folsom State Prison.  He was seen by a doctor, who ordered blood tests and an EKG.  The doctor also referred plaintiff to an Ear Nose and Throat specialist and an eye doctor.  Plaintiff states that he informed the doctor that the "problem was in my head" and requested that the doctor order a CAT scan or an MRI.  Plaintiff states that the tests, which were ordered, took approximately a year to complete.  Plaintiff states that he was transferred to Solano State Prison where he saw a different doctor.  He claims that he has chronic dizziness, double vision and his equilibrium is "out of sorts."

Plaintiff states that after two years the second doctor, presumably the one at Solano State Prison, referred him to a neurologist, defendant Marcus J. Cole, M.D.  Plaintiff states that Dr. Cole diagnosed him with Multiple Sclerosis.  However, after "pills" did no good, Dr. Cole informed plaintiff that he "may have a brain tumor" and ordered a spinal tap and an MRI.  After four or five months, Dr. Cole again told plaintiff that he thought plaintiff had Multiple Sclerosis.

Plaintiff then went to see "doctor number three," who told plaintiff without examining him that plaintiff did not have multiple sclerosis.  Plaintiff states that the third doctor told him that he had viral encephalitis and ordered new blood tests and another spinal tap.  Plaintiff states that after his spinal tap, the third doctor "had him walk back to the housing area, despite knowing that plaintiff should not walk for at least an hour.  Plaintiff states that the third doctor gave him medication for pain from the spinal tap, which "took over [his] head for about four days" and did not work. Plaintiff states that the third doctor left, and he saw doctor number four, who did nothing for him except look at plaintiff's medical file and tell plaintiff that he had encephalopathy.

///

1        Plaintiff then began treatment with Jason A. Rohrer, M.D. who recommended

2   that plaintiff be transferred to a medical facility, which resulted in plaintiff's transfer to Corcoran

3   State Prison.  Plaintiff complains that Corcoran Prison is a "substance abuse" facility and not a

4   medical facility.  Plaintiff states that it took him two weeks to see medial personnel following his

5   transfer to Corcoran, even though his blood pressure was very high.  Plaintiff states that he was

6   eventually seen by a Medical Technical Assistant (MTA), not a physician, and that the only

7   treatment that plaintiff received was a "pill" for his Multiple Sclerosis.  Plaintiff saw a physician

8   a week later.

9        Plaintiff states that, when he filed an appeal,  the sixth doctor he saw accused him

10  of diagnosing himself.  Plaintiff claims that the seventh doctor he saw, a neurologist, did all the

11  same tests previously performed on plaintiff, diagnosed plaintiff with having Multiple Sclerosis

12  but refused to give plaintiff any medication.

13        Plaintiff demands "treatment for [his] illness [and] instant removal of [his] person

14  to a facility that can discern what [his illness is]."   Thus, the gravamen of plaintiff's complaint is

15  that he was denied adequate medical care and that his medical care was delayed, in violation of

16  the Eighth Amendment.  As to defendant Cole and defendant doctors 1-7, plaintiff alleges that

17  they failed to provide him adequate and timely medical care.  As to defendant Herowitz, plaintiff

18  appears to allege that she failed to ensure that plaintiff received proper medical care while at

19  Folsom Prison.  As to defendants Woodford and Schwarzenegger, plaintiff appears to assign

20  liability on the basis of their supervisory and official capacities.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

## II.    Discussion

The complaint states a colorable claim for relief against defendant Cole[1] pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  Plaintiff's claim does not, however, allege colorable claims for relief against defendants Woodford, Horowitz or Schwarzenegger.

Plaintiff's claims against Woodford and Schwarzenner appear to be based solely on supervisory liability. Supervisory personnel are generally not liable under 42 U.S.C. § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)(citation omitted).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or knew or the violations and failed to act to prevent them.  See id.  When a defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff will be given leave to amend his claims against defendants Woodford and Schwarzenegger in a manner consistent with the foregoing standard.

Plaintiff fails to establish any link between the actions of defendant Horowitz and his alleged constitutional deprivations.  While failure to provide medical care may state a claim cognizable in a civil rights action, a plaintiff must connect the named defendants clearly with the claimed denial of his rights. See  Farmer v. Brennan, 511 U.S. 825, 837, 843 (1994) (official's liability for deliberate indifference to assault requires that official know of and disregard an "excessive risk"); Johnson v. Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between named defendant and claimed injury);  Barren

---

[1]Plaintiff also names doctors 1-7 as defendants.  As plaintiff has provided one named defendant, the court will allow him to proceed against defendant Cole and discover the names of the other physicians through the discovery process.

1   v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999) ("A

2   plaintiff must allege facts, not simply conclusions, that show that an individual was personally

3   involved in the deprivation of his civil rights.").   The court cannot determine from the complaint

4   what role, if any, defendant Horowitz played in the alleged deprivation of plaintiff's rights.

5          Plaintiff will be given an opportunity to amend his complaint against defendant

6   Horowitz in a manner consistent with the foregoing standard.

7          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

8   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

9   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

10  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

11  there is some affirmative link or connection between a defendant's actions and the claimed

12  deprivation. See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th

13  Cir. 1980); Johnson, 588 F.2d at 743.  Plaintiff is reminded that vague and conclusory

14  allegations of official participation in civil rights violations are not sufficient.  See Ivey, 673

15  F.2d at 268.

16         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

17  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

18  amended complaint be complete in itself without reference to any prior pleading.  This is

19  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

20  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

21  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

22  original complaint, each claim and the involvement of each defendant must be sufficiently

23  alleged.

24  **III.    Conclusion**

25         Because it appears that the defects in plaintiff's complaint may be cured through

26  amendment, plaintiff is given an opportunity to amend his complaint.

1    Accordingly, IT IS ORDERED that:

2    1.  Plaintiff's request to proceed in forma pauperis is granted;

3    2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

4  Plaintiff is assessed an initial partial filing fee of $2.34.  All fees shall be collected and paid in

5  accordance with this court's order to the Director of the California Department of Corrections

6  filed concurrently herewith.

7    3.  Plaintiff's complaint states a colorable claim against Defendant Marcus Cole,

8  M.D.;

9    4.  Plaintiff's claims against defendants Jeanne S. Woodford, Arnold

10  Schwarzenegger and Evelyn Horowitz are dismissed for the reasons discussed above, with leave

11  to file an amended complaint within thirty days from the date of service of this Order.  Failure to

12  file an amended complaint will result in a recommendation that these defendants be dismissed

13  from this action.

14    5.  Upon filing an amended complaint or expiration of the time allowed therefor,

15  the court will make further orders for service of process upon some or all of the defendants.

16

17  DATED:   December 5, 2005.

18

19  
                                         **CRAIG M. KELLISON**
20                                        UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26