IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEROY WILLIAMS,

      Plaintiff,                      No. CIV S-05-0838 DFL CMK P

vs.

ARNOLD SCHWARZENEGGER, et al.,

      Defendants.

_____/        FINDINGS AND RECOMENDATIONS

       Plaintiff is a state prisoner proceeding without counsel and informa pauperis with this civil rights complaint. Plaintiff alleges that defendant Cole[1] and does 1-7 denied and delayed his medical care in violation of the Eighth Amendment.

       By order filed August 2, 2006, the court ordered plaintiff to provide additional information to serve defendant Marcus Cole. Plaintiff was advised that he should promptly seek additional information to serve defendant Cole through discovery, the California Public Records Act, or other means available to plaintiff. On September 14, 2006, plaintiff returned to the court incomplete documents for service on defendant Cole and a motion for discovery. The motion for discovery consists of a list of California State cases followed by the sentence [t]o aid plaintiff to the whereabouts of one Marcus J. Cole, defendant." Because there was no evidence that plaintiff

---

[1] Defendants Woodford, Horowitz and Schwarzenegger were dismissed on June 16, 2006. (doc. 19.)

had sought information about defendant Cole's whereabouts, the court denied plaintiff's request for discovery; however, the court granted plaintiff an additional forty-five days to seek information about defendant Cole's whereabouts. The court also informed plaintiff that he could seek judicial intervention if other efforts to locate defendant Cole failed.

To date, plaintiff has neither provided additional service information for defendant Cole or requested judicial intervention. Although in forma pauperis status relieves a plaintiff of the responsibility of effecting service, plaintiff is still responsible for providing sufficient information to serve documents. See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (failure of indigent defendant to provide sufficient information to serve defendants is sufficient reason to dismiss action for failure to obtain service). Because plaintiff has failed to provide information adequate for service of defendant Cole, the court recommends that defendant Cole be dismissed from this action without prejudice.

Further, defendant was warned in the screening order that he would have to provide the court with the names of the "doe" defendants in order to proceed against them. (Doc. 9, 5 n. 1.) To date, plaintiff has failed to provide the identities of the seven "doe" defendants. Therefore, because only "doe" defendants would remain after the dismissal of defendant Cole, dismissal of the entire action, without prejudice is appropriate. See e.g. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980); Velasquez v. Senko 643 F.Supp. 1172, 1180 (N.D.Cal.1986) (Doe defendants are not favored in the Ninth Circuit as a general policy. )

///
///
///
///
///
///
///

IT IS RECOMMENDED that this action be dismissed, without prejudice, due to plaintiff's failure to provide information to serve defendant Cole.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 30, 2006.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE